AO 241 (Rev. 06/13)                                                                                                   Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: OF New Jersey |
|---|---|
| Name (under which you were convicted): Joshua Denisiuk | Docket or Case No.: |
| Place of Confinement: Special Treatment Unit, Avenel, NJ | Prisoner No.: 563 |
| Petitioner (include the name under which you were convicted) In the Civil Commitment of J.D. v. | Respondent (authorized person having custody of petitioner) N.J. Supreme Court 084693. Appellate Docket A-5131-17, SVP-668-13 |
| The Attorney General of the State of | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Superior Court of New Jersey - Law Division, Civil Part Essex County, New Jersey - J.D is challenging his Civil Commitment at the STU, was unconstitutional as to his juvenile offender behavior...
   (b) Criminal docket or case number (if you know): SVP-668-13

2. (a) Date of the judgment of conviction (if you know): January 28, 2019
   (b) Date of sentencing: January 28, 2019, J.D. was committed at the STU.

3. Length of sentence: Indefinely Civilly Committed to the STU as adult.

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   J.D., only sexually offended as a juvenile, that was adjudicated when he was only age 15, and on July 30, 2014, J.D. was committed, but his commitment case was dismissed when his PCR case caused dismissal of his juvenile plea. On March 1, 2016, he was again temporarily committed. On January 28, 2016, J.D. was committed.

6. (a) What was your plea? (Check one)  N/A
   ☐ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty             ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one) "Civil Commitment Trial"

☐ Jury  ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9. If you did appeal, answer the following:
(a) Name of court: Superior Court of New Jersey - Appellate Division
(b) Docket or case number (if you know): Appellate Docket A-5131-17
(c) Result: Appellate Court affirmed his commitment.
(d) Date of result (if you know): June 23, 2020
(e) Citation to the case (if you know): In the Civil Commitment of J.D. A-5131-17, SVP-668-13
(f) Grounds raised:

The Trial Court violated J.D.'s 8th Amendment and Due Process Rights Because it failed to Recognize that J.D. Presented a Reduced Recidivism Risk as he stood Before The Court Since he only offended as a Juvenile. Therefore, the commitment under the SVPA does violate J.D.'s constitutional rights.

(g) Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If yes, answer the following:
(1) Name of court: New Jersey Supreme Court
(2) Docket or case number (if you know): 084693
(3) Result: Denied the petition for certification

(4) Date of result (if you know):
26th day of October, 2020

AO 241 (Rev. 06/13)

Page 4

(5) Citation to the case (if you know): In the Civil Commitment of J.D. Supreme Court 084693

(6) Grounds raised:
The Trial Court Violated J.D.'s Constitutional 8th Amendment and Due Process Rights when it failed to Recognize he now presented Reduced Sexual Recidivism Risk Because He only offended as a Juvenile.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of New Jersey - Law Division - Civil Part

(2) Docket or case number (if you know): SVP - No. 668-13

(3) Date of filing (if you know): April 4, 2018

(4) Nature of the proceeding: Notice of Motion For A Treatment Hearing

(5) Grounds raised:
Irreparable harm, and for J.D.'s Continued imprisonment in violation of the Juvenile Justice Code, specifically N.J.S.A. 2A:4A-44(a) and Immediate release of J.D. from Custody.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:

(8) Date of result (if you know):

AO 241 (Rev. 06/13)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court - Appellate Division
(2) Docket or case number (if you know): A-002995-15, M-005232-15
(3) Date of filing (if you know): March 16, 2016
(4) Nature of the proceeding: Motion for Reconsideration, and the Application for Permission to File Emergent
(5) Grounds raised: The Court has adjourned the disposition of the juvenile (now adult's) matter and denied defense counsel's application to release him from confinement. The Continued imprisonment in violation of the Juvenile Justice Code, specifically N.J.S.A. 2A:4A-44-(2) and Immediate release of client from custody.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☒ Yes    ☐ No
(7) Result: Denied disposition of the juvenile matter.
(8) Date of result (if you know): 26 of January 2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of New Jersey
(2) Docket or case number (if you know): 078736
(3) Date of filing (if you know): January 18, 2017
(4) Nature of the proceeding: Appellate's petition for Certification.
(5) Grounds raised: Appellate Review of the Trial Court's Error in Denying J.D.'s Motion under N.J.R.E. 104 is a DE NOVO STANDARD, which is a Frye hearing and/or to exclude the report as net opinion.

AO 241 (Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition:  ☒ Yes   ☐ No
(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: The state courts violated J.D.'s Constitutional 8th Amendment and Due Process Rights when it failed to Recognize he presented Reduced Sexual Recidivim Risk, as a Juvenile.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

J.D.'s was ineligible for Commitment as SVP, because the very low rate with which juvenile offenders sexually recidivate, and when in fact the state and Federal laws' cases states, it was unconstitutional to Continued imprisonment in violation of the Juvenile Justice Codes, specifically N.J.S.A. 2A:4A-44(2) and in the 2005 case of Roper v. Simmons and in the Supreme Court case deciding in Graham v. Florida

(b) If you did not exhaust your state remedies on Ground One, explain why:

Did exhaust my state remedies.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Because this issue was raised in my Direct Appeal.

AO 241 (Rev. 06/13)                                                                                                   Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

N/A

**GROUND TWO:** It was unconstitutional to civilly committed J.D. under the SVP and was a major concern on his appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The state courts incorrectly determined and rejected J.D.'s issues was raised in his Direct Appeal, that SVPA commitment violated his constitutional rights by civilly committed him for juvenile conduct as a adult at the STU, in violation of the Supreme Court cases of Roper v. Simmons and Graham v. Florida as well as in Kansas v. Crane stated Kansas v. Hendricks that Hendricks underscored constitutionali[ty]

(b) If you did not exhaust your state remedies on Ground Two, explain why:

J.D. Did exhaust his state remedies on his Constitutionality issues.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Did raise my "J.D.'s Constitutionality issues on my Direct Appeal.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

N/A


**GROUND THREE:**   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241 (Rev. 06/13)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

N/A

(c) **Direct Appeal of Ground Three:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                       ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?                                 ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 06/13)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c) **Direct Appeal of Ground Four:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:  N/A

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

    N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 06/13)                                                                                    Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: } Civil Commitment

(b) At arraignment and plea: 

(c) At trial: Nora Locke, Assistant Deputy Public Defender

(d) At sentencing: Civil Committment Hearing

(e) On appeal: Susan Remis Silver, Assistant Deputy Public Defender

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition would have been filed timely, but due to the fact the COVID-19 has put the STU-Civil Commitment's facility on several years of lockdown and with "no" access to an law library and/or attorney to hire. J.D.'s a layman at law, and who was only a Juvenile offender is requesting his last and only opportunity to proceed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

       (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 06/13)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

*Immediate Release of J.D. from Custody.*

or any other relief to which petitioner may be entitled. *Irreparable harm, and for J.D.'s continued imprisonment, in violation of the Juvenile Justice Code, specifically Federal and State NJ.S.A. 2A:4A-44(a).*

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *September 14, 2023* (month, date, year).

Executed (signed) on  *9-14-23*  (date).

*Joshua Deminal*

Signature of Petitioner

Page 17

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on  9-14-23  (date)

Signature of Petitioner  *Joshua Deming*

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.