UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSHUA DENISIUK,

        Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,

        Respondent.

Civil Action No. 23-21522 (JXN)

**MEMORANDUM ORDER**

**NEALS, District Judge**

    This matter comes before the Court upon Petitioner Joshua Denisiuk's ("Petitioner") motion for the appointment of *pro bono* counsel (ECF No. 1-5) and motion for an extension of time to file a response to Respondent's answer (ECF No. 11).

    A petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." The relevant factors in this inquiry include "'(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.'" *Neeld v. New Jersey*, 2012 WL 603293, *1 (D.N.J. Feb. 22, 2012) (quoting *Paul v. Attorney Gen. of State of N.J.*, 1992 WL 184358, *1 (D.N.J. July 10, 1992)). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his

contentions,' the court would not abuse its discretion in declining to appoint counsel." *Biggins v. Snyder*, No. 99-18, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (quoting *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990); *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)).

The Court has reviewed Petitioner's habeas petition and Respondent's answer. It does not appear that the issues raised by Petitioner in his habeas petition are overly complex in nature. Additionally, Petitioner has demonstrated a good understanding of the process so far and an ability to present his case. As such, Petitioner's motion for appointment of counsel is denied without prejudice.

The Court having also considered Petitioner's request for an extension of time; and for good cause shown,

IT IS on this **4th** day of **November** 2024,

**ORDERED** that Petitioner's motion for the appointment of pro bono counsel (ECF No. 1-5) is **DENIED without prejudice**; it is further

**ORDERED** that Petitioner's motion for an extension of time (ECF No. 11) is **GRANTED**; it is further

**ORDERED** that Petitioner's response to Respondent's answer (ECF No. 12) is accepted as filed within time; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**